IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

ANTHONY ZANUCCOLI,
    movant,

V.

                               Civ. No. 04-12170-JLT

UNITED STATES OF AMERICA,
    respondent.

---

### MOTION TO AMEND MOVANT HABEAS CORPUS §2255 MOTION
### PURSUANT TO FED.R.CIV.P RULE 15

---

**NOW COMES** ANTHONY ZANUCCOLI, pro-se, and respectfully moves this court to supplement and amend his pleadings pursuant to rule 15, and relies on the following facts and information insupport of his previously filed § 2255 motion and would hereby pray that this Honorable court will make a record of this memorandum insupport thereof which is incorparated herein.

                                                     Respectfully Submitted,

Dated 12-24-04

                                                       ANTHONY ZANUCCOLI

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY ZANUCCOLI,
    movant,                          CIV. No. 04-12170

V.

UNITED STATES OF AMERICA,
    respondent.

---

### MEMORANDUM IN SUPPORT OF AMENDMENT OF GROUND (3) Three OF MOVANT'S § 2255 MOTION

---

In support of ground three of movant's § 28 U.S.C. § 2255 motion Zanuccoli states the following:

A. <u>The District court Violated the Fifth Amendment Indictment and Due Process Clauses and the Sixth Amendment Rights TO Jury Trial When It Increased Mr. Zanuccoli's Offense Level By thirty one levels for bodily Injury.</u>

This summer, the supreme Court decided <u>Blakely v. Washington</u>, --U.S.--, 124 S.Ct. 2531 (2004). The Supreme Court's decision in <u>Blakely</u> applies to the federal sentencing guidelines and precludes the court from applying upward adjustments to a defendant's offense level unless the factual basis for the adjustment was: (1) charged in the indictment, and (2) proved to a jury beyond a reasonable doubt or admitted by the defendant in a constitutionally satisfactory plea colloquy. Here this was not done. A brief review of the Washington state sentencing scheme at issue in <u>Blakely</u> and the holding of the supreme Court demonstrates that the Guidelines have been unconstitutionally applied in cases where judges have used a preponderance of the evidence standard to determine facts that increased the applicable Guideline range when those facts were not charged in the indictment, found by the jury, or admitted by the defendant.

In Blakely, the defendant was convicted of a class B felony, and a state statute provided that any person convicted of a class B felony could receive no more then ten years in prison. Blakely, 124 S.Ct. at 2535. The state of Washington, much like the United States, uses a determinate sentencing scheme. The Washinton scheme is codified, but the state's sentencing code, like the federal guidelines, "further limit[s] the range of sentences a judge may impose" beyond the maximum provided for in the criminal code. Id. Under the Washington sentencing scheme, Blakely's sentencing range for second-degree kidnaping with a firearm, based on facts he admitted at his plea, was 49 to 53 months. Id. The sentencing court, however, increased the sentence to 90 months, based on a finding of aggravating factors as spelled out in the sentencing code. Id. at 2536.

The court held that the increase in Blakely's sentence was unconstitutional because the sentencing court made addition Factual findings in order to qualify him for a sentence above the maximum provided in the general guideline.

> Petitioner was sentenced to prison for more then three years beyond what the law allowed for the crime to which he confessed, on the basis of a disputed finding that he acted with "deliberate cruelty". The Framers would not have thought it too much to demand that, before depriving a man of three more years of his liberty, the state should suffer the modest inconvenience of submitting it's accusation to "the unaimous suffrage of twelve of his equals and neighbors," 4 Blackstone, Commentaries, at 343, rather then a lone employee of the state.

Id. at 2543.

In its opinion, the Court expressly stated that "[t]he Federal Guidelines are not before us, and we express no opinion on them." Id. at n. 9. Nevertheless, as succinctly put by Judge Batts of the Southern District of New York, "the handwriting [is] on the wall." United States v. Gonzalez, 2004 WL 1444872 (S.D.N.Y. June 28, 2004), at *2 (granting continuance of sentencing but putting parties on notice that court intended to sentence the defendant, post-Blakely, based solely on the basis of the facts admitted at the plea).

The conclusion that the reasoning of Blakely applies to the federal guidelines is bolstered by the examples used by the majority in explaining sentencing practices that violate the Fifth and Sixth Amendments. The majority made clear that the statutory maximum is not whatever the legislature labels it to be, but is instead "the maximum sentence a judge may impose <u>solely on the basis of facts reflected in the jury verdict or admitted by the defendant</u>." Blakely, 124 S.Ct. at 2537 (emphasis in original). This is so because "the judge's authority to sentence derives wholly from the jury's verdict." Id. at 2538. Otherwise the jury cannot perform its function as a check on unfettered judicial power.

Thus, according to the majority, an example of judicial fact-finding that violates Apprendi (Apprendi v. New Jersey, 530 U.S. 466, 490, 125 S.Ct. 2348, 147 L.Ed.2d 435 (2000)) and Blakely and

intrudes upon the role of the jury would be sentencing a defendant for murder where the offense of conviction is illegal possession of the firearm used in the crime. <u>Blakely</u>, 124 S.Ct. at 2539. <u>Compare</u> U.S.S.G. §§2K2.1(b) and (c) (providing that the maximum Chapter Two offense level for possession of a firearm by a convicted felon is 29 but that a cross reference should apply if the gun was used in connection with another offense, e.g. first degree murder under U.S.S.G. §2A1.1, with a base offense level of 43).

In addition to the indications in the majority's opinion that <u>Blakely</u> does apply to the federal Guidelines, the dissent also indicated its belief that <u>Blakely</u> so applies.

Justice O'Connor, writing in dissent and joined by Justice Breyer, candidly acknowledged:

> The structure of the Federal Sentencing Guidelines []does not, as the Government half-heartedly suggests, provide any grounds for distinction. Brief for United States as <u>Amicus Curiae</u> 27-29. Washington's scheme is almost identical to the upward departure regime established by 18 U.S.C. §3553(b) and implemented in USSG §5K2.0. **If anything, the structural differences that do exist make the Federal Sentencing Guidelines more vulnerable to attack.** The provision struck down here provides for an increase in the upper bound of the presumptive sentencing range if the sentencing court finds, 'considering the purpose of [the Act], that there are substantial and compelling reasons justifying an exceptional sentence.' Wash Rev. Code Ann. §9.94A. 120 (2000). The Act elsewhere provides a nonexhaustive list of aggravating factors that satisfy the definition.

(4)

> 9.94A.390. The Court flatly rejects respondent's argument that such soft constraints, which still allow Washington judges to exercise a substantial amount of discretion, survive <u>Apprendi</u>. <u>Ante</u>, at 2538. This suggests that the hard constraints found throughout chapters 2 and 3 of the Federal Sentencing Guidelines, which require an increase in the sentencing range upon specified factual findings, will meet the same fate. <u>See</u>, <u>e.g.</u>, U.S.S.G. §2K2.1 (increases in offense level for firearms offenses based on number of firearms involved, whether possession was in connection with another offense, whether the firearm was stolen); §2B1.1 (increase in offense level for financial crimes based on amount of money involved, number of victims, possession of weapon); §3C1.1 (general increase in offense for obstruction of justice).
>
> Indeed, the 'extraordinary sentence' provision struck down today is as inoffensive to the holding of <u>Apprendi</u> as a regime of guided discretion could possibly be. The list of facts that justify an increase in the range is nonexhaustive. The State's 'real fact' doctrine precludes reliance by sentencing courts upon facts that would constitute the elements of a different or aggravated offense. <u>See</u> Wash. Rev. Code Ann. § 9.94A.370(2) (2000) (codifying 'real facts' doctrine). **If the Washington scheme does not comport with the Constitution, it is hard to imagine a guideline system that would.**

<u>Blakely</u> 124 S.Ct. at 2549-2550 (O'Connor, J., dissenting) (emphasis added). Justice O'Connor's views are not unlike the concerns raised by the Solicitor General's <u>Amicus Curiae</u> Brief in <u>Blakely</u>, observing both the impact of the additional federal constraint imposed by the Indictment Clause, <u>see</u> Brief of United States as <u>Amicus Curiae</u> at 31 (citing <u>Cotton</u>, 535 U.S. at 627), and that if

(5)

the Supreme Court decided <u>Blakely</u> on the basis of the clarified definition of the statutory maximum, the federal guidelines would likely be unconstitutional. Brief of the United states as <u>Amicus Curiae</u> at 31 (" If the facts reflected in the jury verdict alone are the elements of the offense , petitioner's theory would mandate the application of <u>Apprendi</u> to any facts, other then the offense elements, that increase the defendant's punishment. Such a rule would have profound consequences for the federal Guidelines".) ( emphasis added).

As of this writing, several court of appeals have issued conflicting opinions regarding the application of <u>Blakely</u> to the federal guidelines, this circuit has yet to squarely address <u>Blakely</u>.

In this case, Mr. Zanuccoli pled guilty to an indictment charging him with Conspiracy to posses with intent to distribute an unknown quantities of heroin, a Schedule I controlled substance , in violation of title 21 United states Code, Section 841 (a)(1) all in violation of Title 21, United States Code, Section §846, counts one.  The indictment didnot charge a specific amount of drugs, or did it put Mr. Zanuccoli on notice of the illegal enhance-ment under the guidelines that he would be exposed to at sentencing that increased his guideline level from a level 12 which is the guideline level that the sentencing guidelines dictates for an unknown quanity of heroin, see §2D1.1. U.S.S.G., to a level 43 under the sentencing guidelines for bodily injury see § 2D1.1. (a) (1)., which was later droped to a level 38, see 2D1.1 (a) (2), and after receiving (3) three points off for excepting responseability and timely notifing the government and a further

one (1) point for ~~acceptance of responsibility~~ 5K1.1 Zanuccoli's Base offense level commenced at a level 34.

Mr. Zanuccoli went from an offense level of 12 with a range of a minimum of 10 months up to a maximum of 16 months incarceration under the sentencing guidelines to a level 34 with a range of 262 months to 327 months incarceration with a criminal history of cad-category (6) six. Furthermore, giving the government the benifit of the doubt with regard to drug amount, the maximum drug amount it could prove was .47 grams, which still dictates a base offense level of 12 under the sentencing guidelines. Finally, it was not only uncontitutional what the district court allowed to take place in its court with regard to this error, it was obvious.

Petitioner Zanuccoli's sentencing guideline range with a base level of 34 and a criminal history category of 6 dictate a sentencing range of 262 months to 327 months incarceration. However, because Zanuccoli was not charged in his indictment with any specific amount of drugs the court lacked the authority to sentence Zanuccoli above (20) years due to the offense of conviction under 21 U.S.C. §841 (b)(1)(c) which caps the sentence at (20) years for defendants that were not charged with specific drug quantitys in there indictments. This increase in Zanuccoli's range occorred without an allegation in the indictment, without a jury finding, or a constitutionally satisfactory plea Colloquy in violation of the fifth and sixth Amendments to the United States Constitution and in violation of the holdings in <u>Apprendi</u> and <u>Blakely</u>.

Petitioner Zanuccoli states that he was serverly prejudiced by this error when the district court allowed the government to

(7)

increase his guideline offense level without due process from a level 12 which carries a sentence of a minimum of 10 months up to a maximum of 16 months incarceration under the sentencing guidelines, absent criminal history score, to a level 34 which ultimately resulted in Zanuccoli receiving a 20 year sentence for enhancememts that were not charged in his indictment, nor was he informed that the government would have to prove them (enhancemen-ts) beyond a reasonable doubt to a jury of twelve of his neighbors, all in violation of his constitutional rights. Furthermore, had the court noticed this error the Judicial Proceding would have been different whereby the movant would have been sentenced to a maximum of 16 months inprisonment, and not 240 months imprisonment.

The government will try to justify itself by stating that it filed an information pursuant to title 21 u.s.c. § 851, and put the defendant on notice of the enhancements. However, a close examination of the record will reveal that this argument is meritless and flawed as well (see EXHIBIT (a), declaration by Anthony Zanuccoli with regard to notice of sentencing enhancements. Furthermore, 7 months after Zanuccoli was sentenced he received from the court a copy of the § 851 Information, which he saw for the first time, and noticed why he was not given notice by the government nor served with the § 851 Information. It was because Assistant U.S. Attorney John A. Wortmann jr. served the wrong party with his § 851 information and not movant. See EXHIBIT (b). For these reasons Zanuccoli's sentence and conviction should be vacated.

(continued)

It should also be known to this court that had these facts been made known and available to defendant Zanuccoli he would not have pled guilty and would have requested a trial to prove his innocense. It should also be known to this court that defendant Zanuccoli is innocense of the illegal enhancements that he was given at his sentencing, and proclaims his innocense to this very day and wishes for his day in court to prove his innocense.

In addition, the supreme Court found that deprivation of a jury trial is a structural error. see <u>Sullivan V. Louisana</u>, 508 U.S.275,281-282 (1993).

Litigants have missed the true point of <u>Blakely v. Washington</u> because they have approached the decision as one describing"right" of the defendant." When properly analyzed, <u>Blakely</u> is actually reaffirming the duty of American tribunals of justice that they will only inflict guilt upon an accused to the standart of proof beyond a reasonable doubt of every essential element of the crime to the unanimous belief of a jury.

Under <u>Blakely</u>, the characterization of facts that increase a defendant's criminal penalty is as "the functional equivalent of elements". In <u>R.L.C. V. United States</u>, 503 U.S. 291, 299 (1992), the Supreme Court ruled that the United States Sentencing Guidelines were <u>de facto</u> statutes because the mandate to use the Guidelines was both mandatory and legislative. This being so, in the truest sense, the elements added thus far in order to impose sentence enhancements constitute "other crimes" then the crime under indictment. When those facts are recognized as essential elements different consequences attach to the treatment of those facts then apply to "mere evidence." <u>Richardson V. United States,</u> 526 U.S.

- 813, 817 (1991). The most important difference is the standard of belief and the identity of the factfinder.

> "A trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict....regardless of how overwhelming the evidence may point in that direction."

United States V. Martin Linen Supply Co., 430 U.S. 564, 572-73 (1977).

The error in appellate reviews has been to treat this combination of legal factors as an assertion of some right flowing from defendant when, in fact, proof of elements to the jury is a _duty_ of the tribunal itself in order for _it_ to claim jurisdiction. It is the seminal pledge of the judiciary itself to all citizens. In re Matter of Winship, 397 U.S. 358, 364 (1970). The _standard_ of proof is not the defendant's either to make or to acquiesce !! It is the burden placed on the Government without which no conviction can be constitutionally _or jurisdictionally_ obtained.

As a result of being a property of the Tribunal itself, "the prosecutions burden of proof to the jury of every element beyond a reasonable doubt is not lifted by a defendant's tactical decision not to contest an element of the offense." Estelle V. McGuire, 502 U.S. 62, 72 (1991). A failure of the Tribunal to function as a Court of American Justice is a structural defect of the highest order. The _Winship_ doctrine, which "established so fundamental a substantive constitutional standard, must also require that the factfinder will rationally apply that standard to the facts in evidence." Jackson V. Virginia, 443 U.S. 307, 317 (1979). And the denial of the right to a jury verdict of guilt beyond a rea-

-sonable doubt is a **structural error** and not subject to harmless error review". Sullivan V. Louisiana, 508 U.S.275, 282-83 (1993).

The whole heritage of American Justice is involved when a reviewing Court applies harmless error or plain error standard of review, or refuses to redress Blakely error on collateral review.

**WHEREFORE**, all of the reasons stated in this motion, movant Zanuccoli respectfully prays that this Honorable Court will grant this motion, and correct the constitutional violations that have accured and effected Zanuccoli's constitutional Rights, or in the alternitive grant to movant any relief this Court deems fair and just.

Respectfully Submitted,

Dated 12-24-04

Anthony Zanuccoli
B.O.P.# 24194-038
FCI Fortdix
P.O.box 2000
Fortdix NJ.08640

## DECLARATION

I, Anthony Zanuccoli hereby declare under the penalty of perjury that the information contained in this motion is true and correct to the best of my knowledge.

Dated 12-24-04

Anthony Zanuccoli

## CERTIFICATE OF SERVICE

I, Anthony Zanuccoli, hereby certify under the penalty of perjury that I have sent a complete copy of thi motion to the following:

Assistant U.S. Attorney
John A. Wortmann, jr.
United States Attorney's Office
john j. Moakley Courthouse, suite 9200
1 courthouse way
Boston, MA. 02210

,

By,

placing a true and correct copy into the F.C.I. Fortdix mailbox on this date properly addressed and postage pre-paid via first class mail.

Dated 12-24-04

Anthony Zanuccoli
B.O.P. #/24194-03?
FCI Fortdix
P.O. box 2000
Fortdix NJ. 08?

(12)

## DECLARATION

I, Anthony Zanuccoli, hereby declare under the penalty of perjury that I never received , nor was I ever at any time given notice of my Information pursuant to title 21, section § 851, prior to pleading guilty to my indictment, or did I know I had a right to said notice, whereby I was just going by my attorney's advice who told me that if I didnot pled guilty , I would spend the rest of my life in prison.

Dated: 12-24-04

Anthony Zanuccoli
B.O.P.# 24194-038
FCI Fortdix
P.O. box 2000
Fortdix NJ. 08640

UNDER PENALTY OF PERJURY
28 U.S.C. § 1746

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 02-CR-10149-JLT |
| ANTHONY W. ZANUCCOLI ) | |
| Defendant ) | |

**INFORMATION**

**COUNT ONE:**   (Title 21, United States Code, Section 851 -- Notice of Prior Conviction)

The United States Attorney Charges that:

1. On or about February 19, 1987, ANTHONY W. ZANUCCOLI was convicted in Essex Superior Court of Possession of a Class A substance with intent to Distribute in violation of M.G.L. 94C, §31. A copy of the Judgment of Conviction is attached as Exhibit 1.

2. On or about March 4, 1987, ANTHONY W. ZANUCCOLI was convicted in Suffolk Superior Court of Possession of a Class A Substance with intent to Distribute in violation of G.L.M. 94C, § 31. A copy of the Judgment of Conviction is attached as Exhibit 2.

3. ANTHONY W. ZANUCCOLI, has been named as a defendant in an Indictment numbered 02-CR-10149-JLT, attached as Exhibit 3.

4. By way of this information, the government notifies ANTHONY W. ZANUCCOLI, that he is charged with committing the crimes alleged in said Indictment after having been previously



1

convicted of a felony drug offense as set out in paragraph 1, above.

All in keeping with Title 21, United States Code, Section 851(a)(1).

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                            BY: _____
                                JOHN A. WORTMANN, JR.
                                Assistant U.S. Attorney

Dated: May 7, 2002

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing document by mail and to counsel for DANIEL STELLA.

_____  5-7-02
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney

2