UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -2 P 2: 12

ANTHONY ZANUCCOLI          )
                           )
     v.                    )     CIVIL NO. 04-12170-JLT
                           )                 DISTRICT COURT
UNITED STATES OF AMERICA   )                 DISTRICT OF MASS.
                           )

GOVERNMENT'S SECOND MOTION FOR AN ORDER
DIRECTED TO PETITIONER'S TRIAL COUNSEL

The government respectfully requests that this Court enter an order directing petitioner's trial counsel, Leo Sorokin, Esq., to produce to the government the documents identified in attached Exhibit 1. As grounds therefor, the government states that petitioner Anthony Zanuccoli ("Zanuccoli") has claimed in this §2255 proceeding that the advice provided by Attorney Sorokin regarding a possible appeal of the underlying sentence and other aspects of Attorney Sorokin's represenation of the Petitioner in the underlying criminal case amounted to ineffective assistance of counsel, requiring that this Court vacate his conviction and/or sentence. By filing a Petition under 28 U.S.C. § 2255 alleging ineffective assistance of counsel, Zanuccoli has waived the attorney-client privilige. E.g., Greater Newburyport Clamshell Alliance v. Public Service Co., 838 F.2d 13, 19 (1st Cir. 1988) ("The sixth amendment provides a shield for the attorney-client privilege only in criminal proceedings; upon the termination of those proceedings and initiation of a civil action putting the privilege at issue, that constitutional protection

ends.")  This motion is filed at the request of Attorney Sorokin, who is unwilling to divulge attorney-client confidences unless directly ordered to do so by this Court.  A copy of the request from Attorney Sorokin is also attached.

In seeking this motion, the government also wishes to point out to the Court that it has already moved for summary dismissal of the Petition.  Were the court to allow that motion, the request for production would be moot.  The government is therefore willing to defer this request until the Court has passed on the government's request that the Petition be dismissed without a hearing.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                        By:  _____
                            JOHN A. WORTMANN, JR.
                            Assistant U.S. Attorney

February 2, 2005

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Anthony Zanuccoli
>24194-038
>FCI Fort Dix
>PO Box 2000
>Fort Dix, N.J. 08640
>
>Leo Sorokin, Esq.
>Federal Defender Office
>408 Atlantic Avenue, 3rd Floor
>Boston, MA 02210

This 2nd day of February, 2005.

_____
JOHN A. WORTMANN, JR.
ASSISTANT UNITED STATES ATTORNEY

# EXHIBIT 1



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

JANUARY 26, 2005
~~November 22, 2004~~

Leo Sorokin
Office of the Federal Defender
408 Atlantic Avenue
Boston, MA 02109

    Re: <u>Anthony Zanuccoli v. United States</u>
        Civil No. 04-12170-JLT

Dear Leo:

    I am in receipt of the transcripts for the Rule 11 hearing and the Sentencing in the above-captioned matter. Copies of these documents are attached. Also attached are copies of a motion to amend filed by the Petitioner and the government's opposition to that motion.

    I am in the process of filing a response to the Petition. I expect to ask the Court to dismiss Claims 2-4 and to hold an evidentiary hearing on Claim 1 (the failure to appeal) based on <u>Roe v. Flores-Ortega</u>, ___ U.S. ___, 120 S.Ct. 1029 (2000). I will provide you with a courtesy copy of the Response when it is filed.

    The government believes that the Petitioner has waived the attorney client privilege by making a Sixth Amendment claim. <u>E.g.</u>, <u>Tashby v. United States</u>, 504 F.2d 332, 336 (8th Cir. 1974) (holding that the attorney-client privilege "is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness"). <u>Accord, Greater Newburyport Clamshell Alliance v. Public Service Co.</u>, 838 F.2d 13, 19 (1st Cir. 1988) ("The sixth amendment provides a shield for the attorney-client privilege only in criminal proceedings; upon the termination of those proceedings and initiation of a civil action putting the privilege at issue, that constitutional protection ends.") As a result, the government is

requesting that you produce a copy of any materials in your file in this matter which concern, refer, or relate to any of the following:

    (A) any consideration of or communication with the Petitioner regarding an appeal;

    (B) any consideration of or communication with the Petitioner of whether to plead guilty or to enter into a plea agreement with the government;

    (C) any consideration or communication with the Petitioner of the terms of any proposed plea agreement (including any appeal waiver or other term set forth therein);

    (D) any correspondence or communication that you (or any investigator or other person working on your behalf) had with Melanie Thompson's sister or any other person regarding Melanie Thompson's alleged desire to commit suicide;

    (E) any communications you have had with the Petitioner since October 2, 2003 (the date of the sentencing hearing);

    (F) any consideration of or communications you had with the Petitioner of whether to seek to vacate the plea in this matter;

    (G) any communications you had with the Petitioner as to whether his lack of intent to harm Melanie Thompson or status as a co-purchaser or drug addict constituted a defense to the charges against him; and,

    (H) any consideration of or communications you had with the Petitioner the impact of the government's failure to allege the overdose death of Melanie Thompson in the indictment.

    Although the specific claims relating specifically to some of the requested documents may be the proper subject of an order of summary dismissal, I believe they are also relevant to the likelihood of the Petitioner requesting an appeal and, in view of the affidavit filed in this matter, may be relevant to a hearing in this matter.

    I am making this request to you informally in the first instance as a courtesy. If you will require a court order for

2

the production of any or all of these materials, please let me know.

    Please call if you have any questions. I have raised the issue of a potential conflict claim with Magistrate Judge Alexander's clerk and will advise you of any information I receive.

                             Very truly yours,

                             MICHAEL J. SULLIVAN
                             United States Attorney

                   By: _____
                             JOHN A. WORTMANN, JR.
                             Assistant U.S. Attorney

cc: Anthony Zanuccoli

# EXHIBIT 2